United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 16, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-30051

RAY WORTHY; ET AL.,

Plaintiffs,

RAY WORTHY,

Plaintiff-Appellant,

VERSUS

NEW ORLEANS EMPLOYERS INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION, AFL-CIO, PENSION, WELFARE,
VACATION AND HOLIDAY FUNDS; RICHARD TEISSIER, Trustee;
C.G. MILLER, Trustee; WIN NIEMAND, Trustee; SID HOTARD,
Trustee; MAX SANDERS, Trustee; JAMES CAMPBELL, Trustee;
JAMES MCCLELAND, Trustee; LLOYD IRVIN; DWAYNE BOUDREAUX,
Trustee; MARK ELLIS, Trustee; THOMAS R. DANIEL, Administrator,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Louisiana
01-CV-3750

Before DAVIS, WIENER, and STEWART, Circuit Judges,

PER CURIAM:*

---

*Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under

In this declaratory judgment action, plaintiff Ray Worthy sought a determination that the plan administrator for three employee benefit plans erred in interpreting plan language to disqualify him for certain fringe benefits because he was no longer a paid employee of Local Union 854 (Local 854). The district court granted summary judgment to the defendants and rejected Worthy's arguments. We agree with the district court's conclusion that the plan administrator correctly interpreted the plan and affirm the district court judgment.

The Plan takes contributions and gives benefit credit "for each . . . hour for which an Employee is paid, or entitled to payment, for the performance of . . . duties for the Employer."

Worthy worked as president of Local 854, between May 1998 and July 2001 without pay. As president, and thus employee of Local 854, he was eligible for benefits under the Plan and was eligible for payment from his employer, the Union. Nevertheless, in a letter to the Local 854, he waived that payment, essentially negating his legal entitlement to the salary:

> I Ray A. Worthy, President, because of financial conditions of the Local, hereby waive all monies given to me by the Local (Salary) with the exception of pension/welfare, vacation/holiday benefits. I authorize the Local to pay my benefits and all salary is given back to the Local until revoked by me. In the event the Local conditions improve/merger and/or sell of [sic] building, all monies will be paid at that time. I reserve the right to forfeit or collect on back pay.

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Worthy never sought to collect the back pay he forfeited.

The Board, as plan administrator, determined that Worthy could not receive credit for the years he volunteered his services because he was not legally entitled to payment. For this reason, the Plan refused to accept contributions made to the fund by Local 854 on Worthy's behalf.

The district court properly considered: "(1) whether the administrator has given the plan a uniform construction, (2) whether the interpretation is consistent with a fair reading of the plan, and (3) any unanticipated costs resulting from different interpretations of the plan," *Wildbur v. ARCO Chemical Co.*, 974 F.2d 631, 638 (5th Cir. 1992), as required by *Wildbur*. We agree with the district court that Worthy was not "legally entitled to payment" as the plan requires, and that the Board's interpretation was correct. Judgment for defendants was therefore appropriate.

AFFIRMED.